IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALUMINUM BAHRAIN B.S.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 8-299 |
| | ) | |
| ALCOA INC., ALCOA WORLD ALUMINA | ) | |
| LLC, WILLIAM RICE and VICTOR | ) | |
| DAHDALEH, | ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, District Judge

OPINION

AND

ORDER OF COURT

Defendant William Rice ("Rice") seeks the dismissal of Plaintiff Aluminum Bahrain

B.S.C.'s Amended Complaint.  The Amended Complaint contains four claims, all of which are

asserted against Rice: violation of RICO, 18 U.S.C. § 1962(c); conspiracy to violate RICO, 18

U.S.C. § 1962(d); fraud; and civil conspiracy to commit defraud.  Rice challenges the viability of

each claim.  After careful consideration, and for the reasons set forth below, the Motion is

denied.

<u>Standard of Review</u>

"'In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be

taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must

be drawn in favor of them.'" <u>Robinson v. County of Allegheny</u>, Civ. No. 9-4681, 404 Fed. Appx.

670, 2010 WL 5166321 at * 2 (3rd Cir. Dec. 21, 2010), *quoting*, <u>McTernan v. City of York</u>, 577

F.3d 521, 526 (3d Cir. 2009).  "To withstand a Rule 12(b)(6) motion to dismiss, 'a complaint

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face.'" <u>Robinson</u>, 2010 WL 5166321 at * 2, *quoting*, <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937,

1949 (2009). "A claim is plausible if it 'pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct that is alleged.'" <u>Holmes</u>

<u>v.Gates</u>, 403 Fed. Appx. 670, 2010 WL 5078004 at * 1 (3rd Cir. Dec. 14, 2010), *quoting*, <u>Iqbal</u>,

129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant has acted unlawfully." <u>Holmes</u>, 2010 WL

5078004 at * 1, *quoting*, <u>Iqbal</u>, 129 S. Ct. at 1949. "'A pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a

complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.

(internal quotation marks and brackets omitted).  "'Determining whether a complaint states a

plausible claim for relief will … be a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense.'" Id. (citations omitted).

Analysis

I Count I – RICO

As did the Alcoa Defendants, Rice contends that the RICO claim fails because Alba's

RICO claim is based upon an extraterritorial enterprise and, as such, is not viable under

Morrison v. National Australia Bank Ltd., __ U.S. __, 130 S. Ct. 2869 (2010).  For the reasons

set forth in my Opinion and Order resolving the Alcoa Defendants' Motion to Dismiss, I disagree.

Rice also challenges the sufficiency of the RICO pleadings directed against him

personally.  "To plead a claim under § 1962(c), 'the plaintiff must allege (1) conduct (2) of an

enterprise (3) through a pattern (4) of racketeering activity.'" In re Insurance Brokerage Antitrust

Litigation, 618 F.3d 300, 362 (3d Cir. 2010), quoting, Lum v. Bank of America, 361 F.3d 217,

223 (3d Cir. 2004) and Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496, 105 S. Ct. 3292, 87 L.

Ed.2d 346 (1988).   Rice specifically challenges the RICO claim with respect to the elements of

conduct and racketeering activity.

I agree with Rice that with respect to the "conduct" element of a RICO claim, Alba must allege that he "have some part in directing [the enterprise's] affairs." In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 370-71 (3d Cir. 2011) (citations omitted). Thus, Rice "must knowingly engage in directing the enterprise's affairs through a pattern of racketeering activity." Univ. of Md. at Balt. V. Peat, Marwick, Main & Co., 996 F.2d 1534, 1538 (3d Cir. 1993) (citations and quotation marks omitted). I find that the allegations in the Amended Complaint and RICO Case Statement satisfy these pleading requirements. See, for instance, Amended Complaint, ¶ 26(b), RICO Case Statement, p. 10 (alleging that the Defendants, including Rice, directed the payment of illegal bribes and benefitted from overpayments and increased contractual relations with Alba through deception); Amended Complaint, ¶¶73-75, 80-86, RICO Case Statement, p. 11 (stating that Rice, who was at the time the Vice President of Marketing at Alcoa World Alumina, proposed the 2001 Extension to the 1990 Contract between Alba and Alcoa's subsidiary on AWA stationary and expressed an intent to "continue the relationship" that had existed for the prior 30 years, knowing the relationship was changing because Dahdaleh was being inserted as an intermediary for the purpose of funneling bribes and artificially increasing prices); Amended Complaint, ¶¶ 78-79 and RICO Case Statement, p. 11 (falsely reassuring Alba representatives that David Dabney was a representative of Alcoa of Australia during the

negotiations of the 2001 Extension so that Alba would enter into that Extension); RICO Case

Statement, p. 12 (alleging that Rice introduced Dahdaleh as an advisor to Alcoa and a member

of Alcoa's team); RICO Case Statement, p. 12-13 (stating that Rice played an essential role in

deceiving Alba so as to consummate the 2005 Contract). I find that these allegations are

sufficient to satisfy the "conduct" element of a RICO claim.

Rice also challenges the sufficiency of Alba's allegations regarding each of the

racketeering activities. The Third Circuit has said that where "plaintiffs rely on mail and wire

fraud as a basis for a RICO violation, the allegations of fraud must comply with Federal Rule of

Civil Procedure 9(b), which requires that allegations of fraud be pled with specificity." Lum v.

Bank of America, 361 F.3d 217, 223 (3d Cir. 2004) (abrogated on other grounds), *citing*,

Saporito v. Combustion Eng'g, Inc. 843 F.2d 666, 676 (3d Cir. 1988), vacated on other grounds,

489 U.S. 1049, 109 S. Ct. 1306, 103 L.Ed.2d 576 (1989). Thus, in order to satisfy Rule 9(b),

Alba "must plead with particularity 'the circumstances of the alleged fraud in order to place the

defendants on notice of the precise misconduct with which they are charged, and to safeguard

defendants against spurious charges of immoral and fraudulent behavior.'" Lum, 361 F.3d at

223-24, *quoting*, Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d

Cir. 1984).  Alba may satisfy this requirement by pleading "either the 'date, place or time' of the

fraud, or through 'alternative means of injecting precision and some measure of substantiation

into [its] allegations of fraud.'" Kolar v. Preferred Real Estate Investments, Inc., 361 Fed. Appx.

354, 363 n. 8 (3d Cir. 2010), citing, Lum v. Bank of America, 361 F.3d 217 (3d Cir. 2004).  I find

that Alba satisfied these standards. See RICO Case Statement, p. 38-39 (listing 7 instances of

mail and wire fraud, four of which specifically mention Rice, and which identify the time, place

and substance of the alleged fraud).[1]

Rice's contentions regarding the insufficiency of allegations with respect to the transport

and / or receipt of fraudulently taken property, 18 U.S.C. § 2314-15, are similarly misplaced.

Alba provides details of numerous, specific transactions detailing the transport and receipt of

fraudulently obtained money either by, or at the direction of Rice or his co-conspirators.  See

RICO Case Statement, p. 31-36.  Further, I have already detailed above in the "conduct" section

of this Opinion, Alba's allegations which explain Rice's participation in the bribery scheme.

Rice also challenges the sufficiency of Alba's allegations regarding the predicate acts of

illegal payments to foreign officials in violation of 15 U.S.C. §§ 78dd-2 and 78dd-3.[2]  Again, Rice

contends that Alba has not given enough detail regarding the role that Rice played in the

---

[1] Though Rice contends that some of these instances are not actionable because no misrepresentations were made as part of these transactions, Rice's contentions in this regard amount to a factual dispute.  I must construe all allegations in favor of Alba at this juncture.
[2] I agree with Alba that the Third Circuit court has found, at least in dicta, that violations of the FCPA can constitute predicate acts. See Environmental Tectonics v. W.S. Kirkpatrick, Inc., 847 F.2d 1052 (3d Cir. 1988).  At this juncture, I am willing to let the claim proceed.

payment or solicitation of these bribes.  Yet as set forth in the "conduct" section above, I find

that Alba has given enough information concerning the role which Rice played in the RICO

enterprise.  Those allegations are sufficient to connect him to the payment of the bribes.

Additionally, I find that the Amended Complaint and the RICO Case Statement contain

sufficient details regarding illegal payments to foreign officials to withstand a Motion to Dismiss.

See, for instance, Amended Complaint, "Nature of The Case" (stating that Alba is "a holding

company for the Government of Bahrain.") and RICO Case Statement, p. 21-23 (explaining that

Bruce Hall, Zamil Al Joweiser and Yousif Shirawi, all executives and agents of Alba, received

millions of dollars in bribes by virtue of their employment with Alba, and detailing the dates and

amounts of those payments).  Given that Alba is identified in the pleadings as owned by the

Government of Bahrain, I find that questions of fact exist as to whether employees, who are

identified in the pleadings as agents and executives of that government-owned entity, constitute

foreign officials within the meaning of the FCPA.  See United States v. Carson, Civ. No. 9-77,

2011 WL 5101701 at * 3-4 (C.D. Cal. May 18, 2011) (finding that employees of state owned

companies could be foreign officials within the meaning of the FCPA and that instrumentalities

of foreign governments can include entities that are not departments or agencies of a foreign

government); and United States v. Aguilar, 783 F. Supp.2d 1108 (C.D. Cal. 2011) ( finding that

a utility company owned by the government of Mexico was an instrumentality of a foreign government and the company's officers were foreign officials under the FCPA).

I similarly reject Rice's arguments concerning the alleged deficiency of Alba's pleadings with respect to the Travel Act violations, 18 U.S.C. § 1952.  Rice contends that the Amended Complaint and RICO Case Statement suggest nothing more than that he traveled to Bahrain in the ordinary course of his job responsibilities and that there are no allegations connecting him in any particularized way to bribery or the exertion of improper influence. See ECF Docket No. [76], p. 25. I disagree.  The Amended Complaint contains allegations that Alba signed an MOU for the sale of up to 26% of its shares to Alcoa because of the payment of bribes.  See Amended Complaint, ¶ 26(c).  Alba also avers that all of the Defendants, including Rice, had bribed senior officials of Alba and the Government of Bahrain in order to secure the signing of the MOU. Id. Those payments were effectuated by Dahdaleh, who was introduced by Rice as an "advisor" or "consultant" to Alcoa. Id, ¶ 115.  I am satisfied with the particularity of these allegations at this procedural juncture.

II. Fraud

Rice similarly challenges the sufficiency of Alba's common law fraud claims.  As set forth above in the section addressing the RICO claim, the Amended Complaint and RICO Case

8

Statement contain enough allegations connecting Rice to the knowing and intentional making of material misrepresentations and omissions to pass muster at this procedural stage.[3] I further find that the Amended Complaint and RICO Case Statement allege justifiable reliance and a sufficient causal nexus between the alleged fraud and damages.  The challenges Rice raises (the alleged truthfulness of the representations, the alleged reliance, the alleged materiality, et cetera) are not items for resolution at this procedural juncture.

III. Conspiracy Claims

Rice similarly challenges the sufficiency of both the RICO and the common law conspiracy claims.  Rice's arguments in this regard are nothing more than a repeat of the arguments addressed above – arguments which I have previously rejected.

---

[3] Rice also contends that he had no duty to disclose given the absence of a fiduciary relationship. See ECF Docket No. [76], p. 27.  First, Alba's pleadings certainly allege more than mere omission – they allege material misrepresentation and fraud.  Second, Rice has not convinced me at this stage that the alleged victims of bribery are unable to pursue fraud claims against those who knowingly aided and abetted an agent's breach of a duty of loyalty to its principal. See Restatement (Second) of Agency § 312; VFB LLC v. Campbell Soup Co., 482 F.3d 624, 634 (3d Cir. (2007); and Ebasco Svcs. Inc. v. Pennsylvania Power & Light Co., 402 F. Supp. 421, 452 (E.D. Pa. 1975).

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALUMINUM BAHRAIN B.S.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No. 8-299 |
| | ) |
| ALCOA INC., ALCOA WORLD ALUMINA | ) |
| LLC, WILLIAM RICE and VICTOR | ) |
| DAHDALEH, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, District Judge

ORDER

AND NOW, this 11th day of June, 2012, after careful consideration, and for the reasons

set forth in the accompanying Opinion, the Motion to Dismiss (See ECF Docket No. [74]) is

DENIED.

It is further ORDERED that the parties shall attend a Status Conference scheduled for

June 25th, at 2pm in the Courtroom of the Honorable Donetta W. Ambrose.  Parties shall consult

the Chamber's Rules prior to attending the Status Conference and shall comply with all relevant

procedures, including the preparation and tendering of a position statement.

By the Court:

/s/ Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court