

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALUMINUM BAHRAIN B.S.C., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    vs. | )   Civil Action No. 8-299 |
| | ) |
| ALCOA INC., ALCOA WORLD ALUMINA LLC, WILLIAM RICE and VICTOR DAHDALEH, | ) |
| | ) |
|    Defendants. | ) |

AMBROSE, District Judge

<u>OPINION</u>

AND

<u>ORDER OF COURT</u>

Defendant Victor Dahdaleh ("Dahdaleh") seeks the dismissal of Plaintiff Aluminum Bahrain B.S.C.'s Amended Complaint. The Amended Complaint contains four claims, all of which are asserted against Dahdaleh: violation of RICO, 18 U.S.C. § 1962(c); conspiracy to violate RICO, 18 U.S.C. § 1962(d); fraud; and civil conspiracy to commit defraud. Dahdaleh challenges the viability of each claim. After careful consideration, and for the reasons set forth below, the Motion is denied.

Standard of Review

"'In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them.'" Robinson v. County of Allegheny, Civ. No. 9-4681, 404 Fed. Appx. 670, 2010 WL 5166321 at * 2 (3rd Cir. Dec. 21, 2010), *quoting*, McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009). "To withstand a Rule 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Robinson, 2010 WL 5166321 at * 2, *quoting*, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim is plausible if it 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct that is alleged.'" Holmes v. Gates, 403 Fed. Appx. 670, 2010 WL 5078004 at * 1 (3rd Cir. Dec. 14, 2010), *quoting*, Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Holmes, 2010 WL 5078004 at * 1, quoting, Iqbal, 129 S. Ct. at 1949. "'A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotation marks and brackets omitted). "'Determining whether a complaint states a

2

plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (citations omitted).

## Analysis

I. Personal Jurisdiction

As a citizen of Canada and the United Kingdom, who lives in London and Switzerland, Dahdaleh challenges this Court's exercise of personal jurisdiction over him.  Rule 4(e) of the Federal Rules of Civil Procedure governs the exercise of jurisdiction over a non-resident defendant.  It "authorizes personal jurisdiction over non-resident defendants to the extent permissible under the laws of the state where the district court sits." Mellon Bank (East) PSFS, Nat'l. Ass'n. v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992) (citations omitted).  Pennsylvania's long arm statute permits the exercise of personal jurisdiction "to the fullest extent allowed under the Constitution of the United States" and explains that it "may be based on the most minimum contact with [Pennsylvania] allowed under the Constitution of the United States." See 42 Pa. Cons. Stat. Ann. §5322(b).   Consequently, as long as the requirements of the Due Process Clause of the United States Constitution are satisfied, a court can exercise personal jurisdiction over a non-resident defendant.   Additionally, "[t]he defendant must be shown to have certain minimum contacts with the forum such that the maintenance of the suit does not offend

traditional notions of fair play and substantial justice." Shouse v. National Corrective Group, Inc., Civ. No. 10-175, 2010 WL 4942222 at * 6 (M.D. Pa. Nov. 30, 2010) (internal quotation marks and brackets omitted), *citing*, Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 66 S. Ct. 154 (1945).

Here, Alba contends that it is already well-settled law that courts construing the Pennsylvania long-arm statute can exercise personal jurisdiction over non-resident defendants based upon the "absent co-conspirator" doctrine.[1] "Under Pennsylvania law personal jurisdiction of a non-forum coconspirator may be asserted … where a plaintiff demonstrates that substantial acts in furtherance of the conspiracy occurred in Pennsylvania and that the non-forum coconspirator was aware or should have been aware of those acts." Santana Prod., Inc v. Bobrick Washroom Equip., 14 F. Supp.2d 710, 718 (M.D. Pa. 1998) (internal citation omitted). I agree with Alba that this does not seem to be a point of controversy within Pennsylvania.[2] See CDI International, Inc. v. Marck, Civ. No. 4-4837, 2005 WL 146890 at * 3 (E.D. Pa. Jan. 21, 2005)(denying a motion to dismiss where the plaintiff alleged that the non-forum defendant was

---

[1] Dahdaleh urges that recognition of the doctrine is inappropriate because the Pennsylvania Supreme Court has yet to address this issue. Yet the Third Circuit court has stated that "[i]n the absence of a controlling decision by the [forum state's] Supreme Court, a federal court applying that state's substantive law must predict how [the forum state's] highest court would decide the case." See Berrier v. Simplicity Mfg., Inc., 563 38, 45-46 (3d Cir. 2009).

[2] Certainly courts disagree as to whether a plaintiff has sufficiently alleged that "substantial acts in furtherance of the conspiracy occurred in Pennsylvania" and whether a plaintiff has sufficiently alleged that the "non-forum coconspirator was aware or should have been aware of those acts." There does not, however, appear to be disagreement as to the acceptance of the doctrine, in general, though.

part of a conspiracy whose actors committed acts in Pennsylvania and caused harm in Pennsylvania); Koresko v. Bleiweis, Civ. No. 4-769, 2005 WL 2436693 at * 3 n. 3 (E.D. Pa. Sept. 27, 2005) (stating, in an analysis of the existence of specific jurisdiction over various defendants, "[t]he Court will consider these contacts as being common to all Defendants, as the Complaint asserts a conspiracy claim and personal jurisdiction over a non-Pennsylvania defendant may be asserted if substantial acts in furtherance of the conspiracy occurred in Pennsylvania and the non-forum co-conspirator was aware of or should have been aware of those acts.") (internal quotation marks and citations omitted); Goodson v. Maggi, 797 F. Supp.2d 604, 621 (W.D. Pa. 2011) (citing to Santana, 14 F. Supp.2d at 718, for the proposition that "[u]nder Pennsylvania law, personal jurisdiction of a non-forum co-conspirator may be asserted only where a plaintiff demonstrates that substantial acts in furtherance of the conspiracy occurred in Pennsylvania and that the non-forum co-conspirator was aware or should have been aware of those acts."); Massachusetts School of Law at Andover, Inc. v. American Bar Association, 846 F. Supp. 374, 379-80 (E.D. Pa. 1994), aff'd, 107 F.3d 1026, 1042 (3d Cir. 1997) (stating that "[c]o-conspirator jurisdiction is not a separate basis of jurisdiction apart from general or specific jurisdiction.  Rather, it is based on the same contacts-with-the-forum analysis just discussed.  The difference is that a court looks not only at the

defendant's forum contacts, but at those of the defendant's 'resident' co-conspirators. The court imputes the contacts of the 'resident' co-conspirator over whom it has jurisdiction to the 'foreign' co-conspirator to see if there are sufficient contacts to exercise jurisdiction over the latter.") *citing*, Ethanol Partners v. Wiener, Zuckerbrot, Weiss & Brecher, 635 F. Supp. 15, 18 (E.D. Pa. 1985); In re Arthur Treacher's Franchisee Litig., 92 F.R.D. 398, 411 (E.D. Pa. 1981); and Tentex Products, Inv. v. Kramer, 330 Pa. Super. 183,479 A.2d 500, 506 (1984) (stating that, where a cause of action arises from a conspiracy, "personal jurisdiction over all of the participants in a concerted action may be maintained where a significant part of the action took place in the forum state.") (citations omitted).

Based upon the allegations in the Amended Complaint and the RICO Case Statement, which are detailed more fully in the Opinion and Order addressing the Alcoa Defendants' Motion to Dismiss, I find that Alba has sufficiently alleged that the Alcoa Defendants engaged in substantial acts in furtherance of the conspiracy in Pennsylvania.  Additionally, for those same reasons, I find that Alba has sufficiently alleged that Dahdaleh was an active and key participant in the enterprise and thus was, or should have been aware of those acts.  Indeed, the allegations indicate that he was handsomely compensated for his participation in those acts. For these reasons, I find that application of the absent co-conspirator doctrine is appropriate at

this procedural juncture. Additionally, given Dahdaleh's alleged knowing and purposeful involvement with the Alcoa Defendants, who are located in Pennsylvania, and who operated the enterprise out of Pennsylvania, I find that hailing him into court in this District will not offend traditional notions of fair play and substantial justice either. The Motion to Dismiss on the basis of lack of personal jurisdiction is denied.[3]

II. RICO

    (A) Extraterritoriality and Morrison

As did the Alcoa Defendants, Dahdaleh contends that Alba's RICO claim is fatally flawed because it seeks extraterritorial application in violation of the Supreme Court's decision in Morrison v. National Australia Bank, Ltd., 130 S. Ct. 2869 (2010). I disagree with Dahdaleh's contentions for the same reason I disagreed with the Alcoa Defendants.

    (B) Sufficiency of Pleading

Dahdaleh also challenges the sufficiency of Alba's pleading of its RICO claim. Specifically, Dahdaleh contends that Alba has failed to plead with particularity that the members of the enterprise operated with a common purpose. More specifically, Dahdaleh contends that the RICO claim is fatally flawed because Alba has not alleged with particularity that anyone at

---

[3] Given that I accept Alba's arguments in regard to the absent co-conspirator doctrine, I need not address its other contentions regarding the exercise of personal jurisdiction.

Alcoa agreed to the alleged bribes he paid. See ECF Docket No. [75], p. 25-26.  I disagree, for the reasons I stated in the Opinion and Order addressing the Alcoa Defendants' Motion to Dismiss and Rice's Motion to Dismiss.  See for instance, Amended Complaint, ¶ 26(b) and RICO Case Statement, p. 10 (alleging that the Defendants directed the payment of illegal bribes and benefitted from overpayments and increased contractual relations with Alba through deception).

III. State Law Claims

Finally, Dahdaleh seeks the dismissal of the state law claims for fraud and civil conspiracy based upon nothing more than a very cursory analysis of the prima facie elements of those claims and a conclusory statement that the First Amended Complaint and RICO Case Statement fall short of satisfying those elements.  I reject Dahdaleh's contentions.  The Amended Complaint is replete with allegations that Dahdaleh fraudulently misrepresented the legitimacy of his companies, their affiliations with Alcoa, and that they were created solely for the purpose of enacting a bribery scheme.  I further find that Alba has plead with sufficient particularity the elements of a civil conspiracy claim against Dahdaleh.  Again, Alba has made detailed allegations that Dahdaleh acted in concert with others for the purpose of defrauding

Alba out of hundreds of millions of dollars through a scheme of bribery and sham companies.

These claims will go forward.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALUMINUM BAHRAIN B.S.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No. 8-299 |
| | ) |
| ALCOA INC., ALCOA WORLD ALUMINA LLC, WILLIAM RICE and VICTOR DAHDALEH, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, District Judge

ORDER OF COURT

AND NOW, this 11th day of June, 2012, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Defendant's Motion to Dismiss (ECF Docket No. [73]) is hereby DENIED.

It is further ORDERED that the parties shall attend a Status Conference scheduled for June 25th, at 2pm in the Courtroom of the Honorable Donetta W. Ambrose.  Parties shall

consult the Chamber's Rules prior to attending the Status Conference and shall comply with all

relevant procedures, including the preparation and tendering of a position statement.

                                                By the Court:
                                                /s/ Donetta W. Ambrose
                                                Donetta W. Ambrose
                                                Senior Judge, U.S. District Court