## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

———————————————————————— x

ALUMINIUM BAHRAIN B.S.C.,

                    Plaintiff,

      -against-

ALCOA INC., ALCOA WORLD ALUMINA LLC,
WILLIAM RICE, and VICTOR DAHDALEH,

                 Defendants.

———————————————————————— x

:
:
:
:   2:08-CV-299-DWA
:
:   Oral Argument Requested
:
:
:
:
:

## DEFENDANT VICTOR DAHDALEH'S MEMORANDUM OF LAW IN SUPPORT OF A MOTION TO STAY DISCOVERY OF DEFENDANT VICTOR DAHDALEH

David J. Berardinelli (Pa. ID No. 79204)
DEFOREST KOSCELNIK YOKITIS
SKINNER & BERARDINELLI
436 Seventh Avenue
Pittsburgh, PA 15219
Tel. (412) 227-3100
Fax. (412) 227-3130

Michael S. Feldberg
David C. Esseks
Carrie Baker Anderson
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Tel. (212) 610-6300
Fax. (212) 610-6399

*Attorneys for Defendant*
*Victor Dahdaleh*

## <u>TABLE OF AUTHORITIES</u>

### CASES

*In re Adelphia Commc'ns Sec. Litig.*,
No. 02-1781, 2003 WL 22358819 (E.D. Pa. May 13, 2003)............................ 2, 3, 5, 7

*Parallel Civil & Criminal Proceedings*,
129 F.R.D. 36 (S.D.N.Y. 1993) ................................................................................ 3

*Rad Servs., Inc. v. Aetna Cas. & Sur. Co.*,
808 F.2d 271 (3d Cir. 1986)..................................................................................... 2

*SEC v. Dresser Indus., Inc.*,
628 F.2d 1368 (D.C. Cir. 1980) ........................................................................... 2, 5

*Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*,
886 F. Supp. 1134 (S.D.N.Y. 1995)..................................................................... 3, 7

*United States v. Kordel*,
397 U.S. 1 (1970).................................................................................................... 2

*Volmar Distribs., Inc. v. N.Y. Post Co.*,
152 F.R.D. 36 (S.D.N.Y. 1993) ................................................................... 2, 5, 6, 7

### STATUTES

Fed. R. Crim. P. 16(b) .................................................................................................. 2, 4

Fed R. Civ. P. 26(a)(1)(ii) ................................................................................................ 4

Defendant Victor Dahdaleh ("Mr. Dahdaleh") respectfully submits this memorandum of law in support of his motion for a stay of discovery against him.

## PRELIMINARY STATEMENT

Mr. Dahdaleh requests a stay of discovery from him in order to (1) avoid prejudice to Mr. Dahdaleh's right to defend himself in criminal proceedings filed against him in the U.K. and arising from the same facts and allegations as plaintiff ("Alba")'s claims; (2) avoid prejudice to Mr. Dahdaleh's defense against potential charges in the U.S. investigation arising from the same facts and allegations as Alba's claims; and (3) avoid forcing Mr. Dahdaleh to face the substantial burden of choosing whether to defend the Alba claims by submitting to discovery in this action, but thereby prejudice his defense of the pending U.K. indictment and ongoing U.S. Department of Justice investigation, or to invoke his Fifth Amendment right against self-incrimination in this case in order to protect his position in the criminal matters, and thereby harm his ability to defend himself in this Court.  Because the prejudice to Mr. Dahdaleh's interests on these points outweighs any competing interests, and because the limited stay requested will allow the parties to conduct an enormous amount of productive discovery that will move the case forward while the criminal matters regarding Mr. Dahdaleh progress, the Court should grant him a stay of all discovery against him.

## BACKGROUND

As the Court knows, Mr. Dahdaleh was charged in London with corruption and money laundering offenses in October 2011.  The charges, as detailed below, arise from the same set of facts as those in Alba's Amended Complaint in this Court.  (Docket No. 64.)  Mr. Dahdaleh's trial in London is scheduled for April 2013.  Mr. Dahdaleh maintains that he is not guilty of the charges, and is vigorously defending the case.  The Department of Justice investigation of Mr. Dahdaleh continues.

1

**ARGUMENT**

The Court has discretion to stay discovery of a civil defendant in light of a related criminal

investigation or prosecution.[1]  The seminal case on the question is *SEC v. Dresser Indus., Inc.*, 628 F.2d

1368 (D.C. Cir. 1980), in which the D.C. Circuit explained that "the strongest case for deferring civil

proceedings until after completion of criminal proceedings is where a party under indictment for a

serious offense is required to defend a civil or administrative action involving the same matter.  The non-

criminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against

self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal

Procedure 16(b), expose the basis of the defense to the prosecution in advance of the criminal trial, or

otherwise prejudice the case." *Dresser*, 628 F.2d at 1375-76.

The principle articulated by the *Dresser* court has been embraced and further developed in

subsequent case law, which holds that in deciding whether to grant a stay of civil proceedings pending

resolution of a criminal investigation, courts should consider the following factors: "(1) the extent to

which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings,

including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil

proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the

defendants; (5) the interests of the court; and (6) the public interest." *In re Adelphia Commc'ns Sec.

Litig.*, No. 02-1781, 2003 WL 22358819, *3 (E.D. Pa. May 13, 2003); *Volmar Distribs., Inc. v. New

York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("Balancing these factors is a case-by-case

determination, with the basic goal being to avoid prejudice.  The strongest case for granting a stay is

---

[1] In the context of parallel civil and criminal proceedings, this Court has discretion to "stay civil
proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of
justice seem [] to require such action, sometimes at the request of the prosecution, sometimes at the
request of the defense(.)'" *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (quoting
*United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)); *see also Rad Servs., Inc. v. Aetna Cas. & Surety
Co.*, 808 F.2d 271, 279 n. 3 (3d Cir. 1986) (Where a civil litigant "may face criminal prosecution,
district courts have the discretion to stay civil discovery in part until the criminal trial has concluded.").

where a party under criminal indictment is required to defend a civil proceeding involving the same matter.") (citing *Dresser*, 628 F.2d at 1375-76; Judge Milton Pollack, *Parallel Civil & Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989) ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues")).

**(1)     Alba's Claims Are Premised On The Same Facts And Allegations As The Charges That Mr. Dahdaleh Is Defending In London.**

The Amended Complaint explicitly acknowledges that the claims in this case arise from the same core facts as the English criminal proceedings, pleading that "[o]n October 24, 2011, the Serious Fraud Office of the United Kingdom unsealed criminal charges against Defendant Dahdaleh and caused Defendant Dahdaleh to be arrested.  Dahdaleh was charged with corruption offenses under U.K. law, involving payments of bribes to officials of Alba.  In announcing these charges, the Serious Fraud Office stated that the alleged corrupt payments 'were in connection with contracts with a U.S. company, Alcoa Inc., for supplies of alumina . . . .'"  Amended Compl. ¶ 159.   Moreover, after the U.K. charges against Mr. Dahdaleh were filed and made public, Alba inserted into its Amended Complaint and its RICO Case Statement six specific transactions identified in the SFO charges that had not previously appeared in Alba's pleadings in this Court.  *See* SFO Indictment, Ex. A to the Declaration of Peter Watson, dated July 9, 2012; Alba Amended Complaint ¶¶ 93, 103; Alba RICO Case Statement at pp. 13-14, 20-21, 27-28.  As demonstrated by Alba's pleadings, there is no question that "the issues in the criminal case overlap with those presented in the civil case." *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *In re Adelphia*, 2003 WL 22358819 at *3.

**(2)**     **Civil Discovery Of Mr. Dahdaleh In The U.S. Will Prejudice His Defense In The U.K. Criminal Case.**

Under English criminal procedure, the prosecution is required to produce to the defendant shortly after indictment the documentary evidence that it will rely upon to prove its case, including witness statements, and any exculpatory material in its possession. *See* Watson Decl. ¶ 2.  The defendant is obligated prior to trial to enter a defense case statement that outlines his defense, if any, to the charges.  However, the defendant is not required to disclose to the prosecution prior to the defense case at trial the documentary evidence upon which he relies in support of his defense.  Watson Decl. ¶ 3.  The English criminal procedure rules are thus quite similar to the provisions of Rule 16 of the Federal Rules of Criminal Procedure that govern discovery in federal criminal proceedings in this country.

Mr. Dahdaleh has informed the prosecution in London that he intends to raise a defense of consent of principal as to all of the charges pending against him, which would vitiate any corruption or fraud theory regarding any such payments.  Watson Decl. ¶ 4.  Beyond merely asserting that defense, Mr. Dahdaleh has evidence in various forms to support the defense.  As is his right, Mr. Dahdaleh has not disclosed and does not currently intend to disclose to the SFO the documentary evidence that he holds in support of his defense, prior to trial.  Watson Decl. ¶¶ 3, 5.

This defense evidence is central to the facts underlying both the civil and criminal allegations.  If discovery in this Court proceeds against Mr. Dahdaleh, Rule 26(a)(1)(ii) provides that he is to produce such evidence as he "may use to support [his] claims or defenses."  This, and any other discovery of him under Rule 26, would threaten to expose this defense evidence and may prejudice his ability to defend the pending indictment in London.  Just as Alba has worked closely with the Department of Justice in this Country, we understand that Alba has cooperated and worked closely with the Serious Fraud Office in London, which is prosecuting Mr. Dahdaleh, and thus disclosure to Alba is functionally disclosure to both the United States and the UK governments.  Because Mr. Dahdaleh is an

4

"indicted defendant [at] risk of exposing [his] criminal defense strategy during civil discovery," he is precisely the type of defendant with whose rights *Dresser* and its progeny were concerned.  *In re Adelphia*, 2003 WL 22358819 at *3.  The criminal discovery scheme in England, like that in America, has been carefully considered by the relevant legislative and advisory bodies, and the rights given to criminal defendants regarding what they are required to produce to the prosecution, and when, should not be interfered with by conflicting discovery rulings in this Court absent compelling need.

**(3)    Mr. Dahdaleh Should Not Be Subjected To The Burden Of Choosing Between The Ability To Defend Himself Against The Criminal Charges And The Ability To Defend Himself Against Alba's Allegations.**

If discovery of Mr. Dahdaleh is allowed to proceed, he will be forced to choose whether to invoke his Fifth Amendment right against self-incrimination in this case in order to protect his right to defend himself in the impending criminal trial and in the ongoing Department of Justice investigation.  Doing so will effectively end his ability to defend himself in this case.  Alternatively, he could choose to defend this suit and thereby prejudice his rights in defending the criminal charges in London and the criminal investigation in the United States.  The law recognizes that such a choice imposes a burden on Mr. Dahdaleh that can and should be avoided by postponing discovery of Mr. Dahdaleh until the trial has occurred in London and the Department of Justice investigation is at an end as to him.  "The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter."  *Volmar*, 152 F.R.D. at 39 (citing *Dresser*, 628 F.2d at 1375-76).  This is because "[w]hile the Constitution does not mandate a stay . . . denying a stay might undermine a defendant's Fifth Amendment privilege against self-incrimination."  *Id.*  The court in *Volmar* stated concisely the Fifth Amendment problems arising out of parallel civil and criminal proceedings:

> Proceeding with discovery would force these defendants into the uncomfortable position of having to choose between waiving their Fifth Amendment privilege or effectively forfeiting the civil suit.  On the one hand, if either [defendant] invokes his constitutional privilege during civil discovery, not only does this prevent him from adequately defending his position, but it may subject him to an a adverse inference from his refusal

5

>to testify . . . . On the other hand, if either fails to invoke his Fifth
>Amendment privilege, he waives it, and any evidence adduced in the civil
>case can then be used against him in the criminal trial.

*Volmar*, 152 F.R.D. at 39-40.

**(4)    A Stay Of Discovery As To Mr. Dahdaleh Does Not Harm Alba's Interests.**

Mr. Dahdaleh is only one individual among four defendants, two of which are large corporate entities.  He is not requesting a stay of the entire case, or a stay of discovery as to any other party.  If the court grants the stay of discovery from Mr. Dahdaleh, Alba, Alcoa, and Mr. Rice will be able to proceed with every other aspect of discovery.  There is much for them to do productively while Mr. Dahdaleh prepares for his trial.

Moreover, any objection to the stay by Alba should be viewed in light of the fact that Alba did not object to a stay of this case for almost four years, from March 2008 until November 2011.  Alba did not object or seek to reopen the case throughout that entire period, and the case was re-opened only on defense motion.  It would be inconsistent for Alba to claim prejudice now, merely because the stay of discovery is requested by Mr. Dahdaleh rather than the DOJ, especially where there is so much that Alba can do even with a limited stay in place as to discovery from Mr. Dahdaleh.

**(5)    A Stay Will Conserve Judicial Resources And Promote Efficient Resolution Of This Case.**

Because both the U.K. criminal charges against Mr. Dahdaleh and the civil claims in this court are based on the same set of facts, involving the same evidence, resolution of the criminal matter will clarify issues in this case.  This will allow a swifter and easier resolution here once the criminal matter has concluded, thereby promoting the Court's "interest in efficiently managing its caseload."  *See In re Adelphia*, 2003 WL 22358819 at *5 (also noting that a stay of civil discovery pending a related criminal trial is in the interest of judicial efficiency because it negates the need for the court to make difficult privilege determinations when the defendant is forced to assert his Fifth Amendment rights).

**(6)      A Stay of Discovery From Mr. Dahdaleh Is In The Public Interest.**

A stay of discovery from Mr. Dahdaleh will allow the U.K. criminal case to proceed properly

under U.K. procedure and will allow the other parties in this case to move forward with every other

aspect of discovery.  As a result, and because of the overlapping issues in the civil and criminal cases,

the stay "will serve to advance the public interests at stake here." *Trustees of the Plumbers &*

*Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1140; *see In re Adelphia*, 2003 WL 22358819 at *6

(finding that public interest factor militates in favor of a stay of civil proceedings where related criminal

proceedings serve to advance the same interests); *Volmar*, 152 F.R.D. at 40 (granting stay where "the

pending criminal prosecution serves to advance [the] same interests").

## CONCLUSION

For all of the foregoing reasons, defendant Victor Dahdaleh respectfully requests that this Court

grant this Motion to Stay Discovery of Defendant Victor Dahdaleh.

Dated: July 9, 2012
New York, New York

                                                          Respectfully submitted,


/s/ David J. Berardinelli                                 /s/ David C. Esseks

David J. Berardinelli (Pa. ID No. 79204)                  Michael S. Feldberg
DEFOREST KOSCELNIK YOKITIS                                David C. Esseks
SKINNER & BERARDINELLI                                    Carrie Baker Anderson
436 Seventh Avenue                                        ALLEN & OVERY LLP
Pittsburgh, PA 15219                                      1221 Avenue of the Americas
Tel. (412) 227-3100                                       New York, New York 10020
Fax. (412) 227-3130                                       Tel. (212) 610-6300
                                                          Fax. (212) 610-6399

                                                          *Attorneys for Defendant*
                                                          *Victor Dahdaleh*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 9th day of July, 2012, a true and correct copy of

the foregoing Motion to Stay Discovery of Defendant Victor Dahdaleh, together with the declaration of

Peter M. Watson and the exhibits attached thereto, was filed with Clerk of Court using the CM/ECF

system.

<u>/s/ Carrie Baker Anderson</u>