UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

```
─────────────────────────────────────────── x
                                            :
ALUMINIUM BAHRAIN B.S.C.,                   :
                                            :
                        Plaintiff,          :
            -against-                       :   2:08-CV-299-DWA
                                            :
ALCOA INC., ALCOA WORLD ALUMINA LLC,        :   Oral Argument Requested
WILLIAM RICE, and VICTOR DAHDALEH,          :
                                            :
                        Defendants.         :
                                            :
─────────────────────────────────────────── x
```

# DEFENDANT VICTOR DAHDALEH'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF A MOTION TO STAY DISCOVERY OF DEFENDANT VICTOR DAHDALEH

| | |
|---|---|
| David J. Berardinelli (Pa. ID No. 79204) | Michael S. Feldberg |
| DEFOREST KOSCELNIK YOKITIS | David C. Esseks |
| SKINNER & BERARDINELLI | Carrie Baker Anderson |
| 436 Seventh Avenue | ALLEN & OVERY LLP |
| Pittsburgh, PA 15219 | 1221 Avenue of the Americas |
| Tel. (412) 227-3100 | New York, New York 10020 |
| Fax. (412) 227-3130 | Tel. (212) 610-6300 |
| | Fax. (212) 610-6399 |
| | |
| | *Attorneys for Defendant* |
| | *Victor Dahdaleh* |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ........................................................................................................................... 1

I.    THE COURT HAS AUTHORITY TO STAY DISCOVERY OF MR. DAHDALEH ..................................................................................................... 1

II.   A PROTECTIVE ORDER IS NO SOLUTION ................................................. 3

III.  THE PREJUDICE TO MR. DAHDALEH OUTWEIGHS ANY POTENTIAL PREJUDICE TO ALBA OR THE ALCOA DEFENDANTS ............................ 4

CONCLUSION ........................................................................................................................ 5

# **TABLE OF AUTHORITIES**

## Cases

*In re Grand Jury*,
    286 F.3d 153 (3d Cir. 2002)..................................................................................................3

*In re Grand Jury Proceedings (Williams)*,
    995 F.2d 1013 (11th Cir. 1993) ............................................................................................3

*In re Grand Jury Subpoena*,
    836 F.2d 1468 (4th Cir. 1988) .............................................................................................3

*In re Grand Jury Subpoena (Roach)*,
    138 F.3d 442 (1st Cir. 1998)................................................................................................3

*New Hope Stone Co. v. Harrison Explosives, Inc.*,
    Civ. A. No. 89-1335, 1989 WL 62970 (E.D. Pa. June 12, 1989) .........................................4

*SEC v. Dresser Indus., Inc.*,
    628 F.2d 1368 (D.C. Cir. 1980)......................................................................................1, 2

*Volmar Distribs., Inc. v. N.Y. Post Co., Inc.*,
    152 F.R.D. 36 (S.D.N.Y. 1993) ............................................................................................3

## Rules

Fed. R. Civ. P. 26(c) .........................................................................................................................3

Defendant Victor Dahdaleh ("Mr. Dahdaleh") respectfully submits this memorandum of law in support of his motion for a limited stay of discovery.

## PRELIMINARY STATEMENT

Mr. Dahdaleh has moved for a stay of discovery of him for two simple reasons: Because discovery in this Court threatens to prejudice his defense of the parallel criminal case against him in London, and because discovery in this Court will, in light of the pending US DOJ investigation and the pending criminal charges in London (as to which he has a right against self-incrimination, though not necessarily one arising under the US Constitution), force him to choose between defending this action now, thereby forfeiting his self-incrimination rights in the criminal case in London and in the criminal investigation in the US, or invoking those rights to protect his interests in the criminal matters but in so doing prejudice his defense of the related allegations in the case before this Court. Despite Alba's and Alcoa's efforts to contest the issue, as set forth below the law recognizes both grounds as reasons that this Court may grant the limited stay of discovery from Mr. Dahdaleh that he has requested. The cries of prejudice from delayed discovery of Mr. Dahdaleh voiced by Alba and Alcoa are overblown, and in any event this Court should not assess the balance of prejudice from a stay of discovery of Mr. Dahdaleh until it is clear whether the Alcoa defendants are settling the case as they and Alba have suggested.

## ARGUMENT

**I.    THE COURT HAS AUTHORITY TO STAY DISCOVERY OF MR. DAHDALEH**

Alba and Alcoa alternately ignore and distort Mr. Dahdaleh's first ground for a stay. In *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368 (D.C. Cir. 1980), the D.C. Circuit, while undoubtedly holding that the Constitution "does not ordinarily *require* a stay of civil proceedings pending the outcome of criminal proceedings" (a point never disputed by Mr. Dahdaleh), went on to explain

1

that "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.  The noncriminal proceeding, if not deferred, might . . . *expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case*."  *Id*. at 1375-76 (emphasis added).   Mr. Dahdaleh set out in his opening brief that he has evidence to support his consent of principal defense that is not known to the prosecution in London and which he is not obligated to disclose to the prosecution until trial.  Hence, discovery here will prejudice his trial defense in London.  Alba simply ignores this ground for a stay, instead arguing that Mr. Dahdaleh has no Fifth Amendment right regarding prosecutions in England.  Alba Opp. at 3-4.  But Mr. Dahdaleh's argument on this point is not based on the Fifth Amendment.

Alcoa fares no better, contending that Mr. Dahdaleh has "cited no authority . . . that a stay is warranted to avoid disclosure of ***exculpatory*** documents," Alcoa Opp. at 2 (emphasis in original), apparently suggesting that exposing "the basis of the defense to the prosecution," *Dresser*, 628 F.2d at 1376, would not logically involve disclosing *exculpatory* documents.  This is nonsense.  Though neither the Alcoa defendants nor Alba wish to acknowledge as much, the ground asserted by Mr. Dahdaleh is well supported in the law, and for good reason:  Mr. Dahdaleh is defending wrong-headed charges brought after an incomplete investigation by the London authorities; he is entitled under English procedure to hold for the jury powerful documents that will prove his defense, and this Court is fully empowered to stay discovery of Mr. Dahdaleh precisely because discovery would prejudice his defense in London by forcing pretrial disclosure of those materials.  *Dresser*, 628 F.2d at 1376.

Similarly, both the Alcoa defendants and Alba distort Mr. Dahdaleh's second ground for requesting a stay, contending that because he has not been indicted in the US, and because his Fifth Amendment right does not apply to the English prosecution, there is no basis for a stay of discovery of him.  Alba Opp. at 3-4; Alcoa Opp. at 5-6.  But neither argument addresses the ground for a stay recognized in the law:  That discovery in this Court, now, while the DOJ investigation continues and while Mr. Dahdaleh is pending trial in London, forces him into the "uncomfortable position of having to choose between waiving [his] Fifth Amendment privilege or effectively forfeiting the civil suit." *Volmar Distribs., Inc. v. N.Y. Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).  The law recognizes that forcing Mr. Dahdaleh to make that choice places a burden on him that can, and should, properly be avoided through a stay of discovery, if not of the proceedings in their entirety.  *Id*. at 39-41.

## II.     A PROTECTIVE ORDER IS NO SOLUTION

A protective order is no solution here.  The courts have repeatedly held that material subject to a Rule 26(c) protective order is not immune from a grand jury subpoena.  *In re Grand Jury Subpoena (Roach)*, 138 F.3d 442, 445 (1st Cir. 1998) (strong presumption that grand jury subpoena supersedes civil protective order); *In re Grand Jury*, 286 F.3d 153, 162 (3d Cir. 2002) (same); *In re Grand Jury Proceedings (Williams),* 995 F.2d 1013, 1020 (11th Cir. 1993) (*per se* rule that grand jury subpoena supersedes civil protective order).  Indeed, the Fourth Circuit enforced a grand jury subpoena seeking transcripts of deposition testimony given in reliance on a protective order issued explicitly to keep the testimony from the grand jury.  *In re Grand Jury Subpoena*, 836 F.2d 1468 (4th Cir. 1988).  In so doing, the Fourth Circuit noted that the better approach to protecting civil litigants under criminal investigation is to grant a stay of discovery.  *Id.* at 1476.

## III. THE PREJUDICE TO MR. DAHDALEH OUTWEIGHS ANY POTENTIAL PREJUDICE TO ALBA OR THE ALCOA DEFENDANTS

Mr. Dahdaleh is fighting criminal charges. An individual's liberty interest is the highest interest that any court can weigh in any balance. Against that interest, the protests of Alba and the Alcoa defendants about prejudice from a limited stay of discovery are weightless. Most importantly, the Court should weigh the balance of prejudice only once it is clear whether the current efforts to settle the matter as between the Alcoa defendants and Alba are successful, as clearly this Court should not rely on opposition from Alcoa, AWA, and Mr. Rice to a discovery stay if those defendants will be out of the case before discovery even starts. And we submit that the discovery stay motion will appear in a markedly different light if it requires the Court to balance only the interests of Mr. Dahdaleh, who is fighting criminal charges in London and whose trial rights may be damaged by discovery in this Court, and Alba, which did not object to a stay that lasted nearly four years when it was sought by the Department of Justice and which will, we anticipate, have settled this matter with Alcoa for a substantial sum of money and, more importantly, for a secure, long-term contract to supply its smelter with alumina.

But even taking the protests of Alba and the Alcoa defendants as presently presented, the balance weighs in Mr. Dahdaleh's favor. First, the stay sought is not of all discovery "about" Mr. Dahdaleh, as Alba tries to suggest to the Court. Alba Opp. at 6. Rather it is of all discovery "of" him, and as such would not limit Alba in seeking documents and testimony from the Alcoa defendants, and *vice versa*. Federal courts have stayed discovery against one defendant while allowing it to go forward with respect to the remaining parties, and this Court may do so here. *See, e.g., New Hope Stone Co. v. Harrison Explosives, Inc.*, Civ. A. No. 89-1335, 1989 WL 62970, at *1 (E.D. Pa. June 12, 1989) ("Plaintiffs argue that they will be prejudiced should all proceedings in this action be stayed. Considering that we will stay discovery only as it pertains

4

to [one defendant], this Court finds it difficult to believe that the progression of plaintiffs' case will be delayed overmuch.")  Given the amount of material that we understand Alcoa produced to the United States Government in connection with its investigation, the parties will have plenty to do while waiting for the limited stay to be lifted.

Moreover, though the Court ordered that fact discovery be completed by September 30, 2013, Alba and the Alcoa defendants clearly believe they will need substantially more time than that because they jointly proposed a fact discovery cut-off of February 7, 2014, and in that proposal made clear they feared that even that date would be insufficient.  We agree that fact discovery in this matter will take a long time, principally because of the need to seek documents and testimony from within Bahrain.  But the very length of the expected fact discovery process means that the limited stay requested here will readily fit within the likely schedule envisioned by the objecting parties themselves.  The Court should also note that none of the parties now claiming prejudice from a partial delay in discovery opposed the nearly four-year stay of discovery requested by the Government.  Having prompted the Government investigation, and having been content to wait for it to progress, Alba should not be heard to complain about the delay to date.[1]

### CONCLUSION

For all of the foregoing reasons, Mr. Dahdaleh respectfully requests that this Court grant his Motion to Stay Discovery.

Dated: August 10, 2012
New York, New York

                                                                          Respectfully submitted,

---

[1] Finally, Alba claims that the "threat that assets may be dissipated is very real in this case" and a stay would thus prejudice them.  Alba Opp. at 5.  This is mere conjecture.  This action and the related criminal investigations have been under way for more than four years.  If, as we dispute, the simple pendency of this action gives rise to a risk of dissipation of assets, that is a risk that ripened long ago and is of no moment or urgency now.

5

<table>
<tr><td>

/s/ David J. Berardinelli

David J. Berardinelli (Pa. ID No. 79204)
DEFOREST KOSCELNIK YOKITIS
SKINNER & BERARDINELLI
436 Seventh Avenue
Pittsburgh, PA 15219
Tel. (412) 227-3100
Fax. (412) 227-3130

</td><td>

/s/ David C. Esseks

Michael S. Feldberg
David C. Esseks
Carrie Baker Anderson
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
Tel. (212) 610-6300
Fax. (212) 610-6399

*Attorneys for Defendant*
*Victor Dahdaleh*

</td></tr>
</table>

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 10th day of August, 2012, a true and correct copy of the foregoing Defendant Victor Dahdaleh's Reply Memorandum of Law Further in Support of His Motion To Stay Discovery Of Defendant Victor Dahdaleh was filed with the Clerk of Court using the CM/ECF system.

/s/ Carrie Baker Anderson