IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALUMINIUM BAHRAIN B.S.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civ. No. 8-299 |
| VICTOR DAHDALEH ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior U.S. District Judge

## OPINION
## AND
## ORDER OF COURT

Defendant Victor Dahdaleh ("Dahdaleh") filed a motion and a supporting memorandum of law requesting a stay of discovery in this case due to the fact that he is charged in the United Kingdom with corruption and money laundering offenses arising from the same set of facts as alleged by Plaintiff Aluminum Bahrain B.S.C. ("Alba") in its Amended Complaint. Def.'s Mot., ECF No. [108]; Def.'s Mem., ECF No. [110]. Defendant's attorney for the English criminal charges, Mr. Peter Maurice Watson, filed a declaration in support of Mr. Dahdaleh's motion. ECF No. [109]. Plaintiff Alba filed a memorandum of law in opposition. Pl.'s Mem., ECF No. [120].[1] Having carefully considered the submissions of both parties, I GRANT IN PART Defendant's motion.

---

[1] At the time Mr. Dahdaleh filed his motion, Alcoa Inc. and Alcoa World Alumina LLC (collectively "Alcoa") and William Rice also were defendants in this case. Both filed memoranda in opposition to Mr. Dahdaleh's motion. Def. Alcoa's Mem., ECF No. [118] & Def. Rice's Mem., ECF No. [121]. However, the Court approved a stipulation of dismissal with prejudice filed by and between Alba, Alcoa, and Mr. Rice on October 11, 2012 and, consequently, Alcoa and Mr. Rice's opposition to Mr. Dahdaleh's motion did not factor into my decision. See Order, ECF No. [129] (granting Stipulation of Dismissal with prejudice). Because Mr. Dahdaleh is now the only defendant in this case, the parties' arguments regarding discovery with respect to the other parties are no longer relevant.

1

The decision whether to stay civil proceedings pending the resolution of a parallel criminal prosecution rests within the sound discretion of the court. *Simon Prop. Grp., Inc. v. Palombaro*, No. 08-1634, 2009 WL 840245, at *1 (W.D. Pa. Mar. 30, 2009). Criminal defendants have no generalized due process right to stay proceedings in a related civil action. *Id.* (internal citations omitted). In exercising my discretion, I must consider: (1) the extent to which the criminal and civil cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interest in expeditious civil proceedings, including the potential prejudice to plaintiff of a delay; (4) the burden on the defendant; (5) the convenience of the court in the management of its cases, including efficient use of judicial resources; (6) the interests of persons not part of the civil litigation; and (7) the interest of the public in the pending civil and criminal litigation. *Id.* (citing *Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 553, 56 (E.D. Pa. 1980)).

Having carefully weighed the above-cited factors, at this time, I find that a limited stay of discovery is warranted in this case. First, while the U.S. government has yet to file charges against Mr. Dahdaleh, and it is unknown whether he ever will be indicted in the United States, because the criminal charges faced by Defendant in the United Kingdom are premised on the same facts and allegations as alleged in Alba's complaint, I find that the civil and criminal cases greatly overlap. *See* First Amended Compl., ECF No. 64; Alba RICO Case Statement, ECF No. 66; Decl. of Peter Watson, ECF No. 109, Exhibit A (U.K. Serious Fraud Office ("SFO") Indictment). Second, I find that a limited stay will obviate any potential prejudice. Although the Fifth Amendment right against self-incrimination does not extend to foreign criminal proceedings, because a criminal defendant in the United Kingdom is not required to disclose the documentary evidence upon which he will rely until he presents his case at trial, I find that

2

proceeding with civil discovery in advance of Mr. Dahdaleh's U.K. trial could unfairly prejudice his criminal defense.[2] *See* Decl. of Peter Watson, ECF No. [109]; Def.'s Mem., ECF No. [110], 4-5.

Lastly, a limited stay will not significantly delay discovery or severely prejudice Plaintiff. This case already was stayed for approximately three and a half years.[3] *See* Order Granting Unopposed Motion to Intervene Pursuant to FRCP 24, Unopposed Motion to Stay Discovery by the United States Third, ECF No. [16], Mar. 27, 2008 & Order Re-Opening Case, ECF No. [63], Nov. 8, 2011. Mr. Dahdaleh's U.K. criminal trial is scheduled for April 2013. Def.'s Mem., ECF No. [110], 1. A limited stay of discovery of seven months will ensure that the information that Mr. Dahdaleh may use to support his criminal defense will not be subject to civil discovery ahead of his criminal trial without significantly delaying the civil proceedings. The Court acknowledges Alba's right to have a timely resolution of its claims and is aware of the continued risk of asset dissipation and the increased difficulties in gathering discovery the longer the case is stayed. However, a seven month stay will cause the parties to endure merely a short delay in the commencement of discovery. Additionally, a stay until the conclusion of Defendant's criminal trial will streamline discovery and preserve judicial economy because Defendant will be able to candidly participate in the discovery process following his criminal trial.[4]

---

[2] In arguing that civil discovery should proceed, Alba suggests that Mr. Dahdaleh's potential prejudice (interference with his Fifth Amendment right against self-incrimination and the possibility that civil discovery could result in disclosure of his defense to U.K. prosecutors ahead of trial) could be allayed with a protective order. However, a grand jury subpoena generally will override a protective order. *In re Grand Jury*, 286 F.3d 153 (3d Cir. 2002). Because no indictment has been issued in the United States and the Government's investigation of Mr. Dahdaleh is ongoing, I find that a protective order is not an appropriate alternative at this time.

[3] Alba did not oppose the U.S. government's application to this Court requesting permission to intervene pursuant to Fed. R. Civ. P. 24 and asking that I stay discovery pending the outcome of their criminal investigation. Government's Unopposed Mot. to Intervene, Mot. to Stay, ECF No. [9], Exhibit 1, 3.

[4] While Defendant will still be able to invoke his Fifth Amendment right against self-incrimination, his participation in civil discovery will no longer impact an ongoing criminal defense. Although the United States could return an indictment against Mr. Dahdaleh in the interim, I cannot speculate on the propriety of a stay of discovery as to a parallel criminal case in the United States unless and until that possibility materializes. Furthermore, I am not

3

For all of the foregoing reasons, I find that the factors weigh in favor of allowing Defendant to freely defend his criminal case unencumbered by the potential limitations posed by allowing discovery to proceed in an overlapping criminal case. Accordingly, I stay discovery in this case until June 3, 2013.

---

persuaded that Mr. Dahdaleh's pre-indictment status in the United States weighs in favor of a stay. *See* Def.'s Mem., ECF No. [110], 5.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALUMINIUM BAHRAIN B.S.C., | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 8-299 |
| VICTOR DAHDALEH | ) |
| Defendant. | ) |

AMBROSE, Senior U.S. District Judge

### ORDER

AND NOW this 25th day of October, 2012, Defendant's Motion to Stay Discovery is GRANTED IN PART. Discovery is stayed until June 2013. Defendant shall answer the First Amended Complaint and the parties shall serve their initial disclosures on June 3, 2013. Fact discovery also shall commence on June 3, 2013. The status conference scheduled for February 7, 2013 is hereby cancelled and is rescheduled for Tuesday, May 28, 2013 at 1:30 p.m..

BY THE COURT:

_Donetta W. Ambrose_
Donetta W. Ambrose
Senior Judge, U.S. District Court

5