# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALUMINIUM BAHRAIN B.S.C., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civ. No. 8-299<br>VICTOR DAHDALEH )<br>)<br>Defendant. ) | |

AMBROSE, Senior U.S. District Judge

## OPINION AND ORDER OF COURT

Pending before the Court is Defendant Victor Dahdaleh's ("Dahdaleh") Motion for Certification of Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b). Def.'s Mot, ECF No. [111]. Dahdaleh moves to certify this Court's Opinion and Order, dated June 11, 2012, denying Dahdaleh's Motion to Dismiss (ECF No. [73]) on the basis of lack of personal jurisdiction. *See* ECF No. [99]. In my Opinion and Order, I found that Pennsylvania's long-arm statute permits courts to exercise personal jurisdiction over non-residents, such as Dahdaleh, based upon the "absent co-conspirator" doctrine. *See id.* at 3-7. Dahdaleh filed a memorandum of law and a reply in support of his request for certification. Def.'s Mem., ECF No. [112] and Def.'s Reply Mem., ECF No. [127]. Plaintiff Aluminium Bahrain B.S.C. ("Alba") filed a memorandum of law in opposition.[1] Pl.'s Opp'n Mem., ECF No. [119]. Having carefully considered the parties'

---

[1] At the time Mr. Dahdaleh filed his motion, Alcoa Inc. and Alcoa World Alumina LLC (collectively "Alcoa") and William Rice also were defendants in this case. Alcoa filed a notice of no position and Mr. Rice filed notice of non-opposition to Mr. Dahdaleh's motion. ECF Nos. [117] & [122]. However, the Court approved a stipulation of dismissal with prejudice filed by and between Alba, Alcoa, and Mr. Rice on October 11, 2012 and, consequently, the notices filed by Alcoa and Mr. Rice did not factor into my decision. *See* Order, ECF No. [129] (granting Stipulation of Dismissal with prejudice).

well-argued positions, and for the reasons explained below, I GRANT Dahdaleh's Motion for Certification of Interlocutory Appeal.

I.   Standard for Granting Interlocutory Appeal

Section 1292(b) of the United States Code provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Thus, "a non-final order may only be certified for interlocutory appeal if the court determines that it: (i) involves a controlling question of law; (ii) for which there is substantial ground for difference of opinion; and (iii) which may materially advance the ultimate termination of the litigation if appealed immediately." *Hall v. Wyeth, Inc.*, No. 10-738, 2010 WL 4925258, at*1 (E.D. Pa. Dec. 2, 2010) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir.), *cert. denied*, 419 U.S. 885 (1974)). Each of these elements must be satisfied for certification to issue. *Id.* (citing *Mitchell v. Axcan Scandipharm, Inc.*, 2006 WL 986971 (W.D. Pa. Mar. 13, 2006)). Moreover, even if all the elements are satisfied, the decision to certify rests within the discretion of the trial court. *Id.* (quoting *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 608 (E.D. Pa. 2008)).

II.   Application

First, I must consider whether the order Dahdaleh seeks to certify involves a "controlling question of law." "[T]he Third Circuit Court of Appeals has held that [a] 'controlling question of law' is one which either: (1) if decided erroneously, would lead to reversal on appeal; or (2) is 'serious to the conduct of the litigation either practically or legally.'" *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 598-99 (quoting *Katz*, 496 F.2d at 755). Because my sole basis

for exercising personal jurisdiction over Dahdaleh is Pennsylvania's acceptance of the "absent co-conspirator" doctrine—allowing courts to assert personal jurisdiction over non-resident defendants who were aware or should have been aware of substantial acts in furtherance of a conspiracy that occurred in Pennsylvania—an appellate decision rejecting the "absent co-conspirator" doctrine would require reversal and dismissal of Dahdaleh's case. Accordingly, I find that the first factor weighs in favor of certifying the Order for appeal.

Second, I must consider whether there is "substantial ground for difference of opinion" regarding use of the co-conspirator doctrine to assert personal jurisdiction over a non-resident under Pennsylvania law.[2] There is "'substantial ground for difference of opinion' about an issue when the matter involves 'one or more difficult and pivotal questions of law not settled by controlling authority.'" *Knipe*, 583 F. Supp. 2d at 599 (quoting *McGillicuddy v. Clements*, 746 F.2d 76, n.1 (1st Cir. 1984)). "In other words, '[s]ubstantial grounds for difference of opinion exist where there is genuine doubt or conflicting precedent as to the correct legal standard.'" *Id.* (quoting *Bradburn Parent Teacher Store, Inc. v. 3M*, No. 02-7676, 2005 WL 1819969, at *4 (E.D. Pa. Aug. 2, 2005)). This can be established by showing "an absence of controlling law on the issue" or "conflicting and contradictory opinions." *Glover v. Udren*, No. 08-990, 2011 WL 3290238 (W.D. Pa. June 30, 2011), *adopted by*, *Glover v. Udren*, 2011 WL 3298527 (W.D. Pa. Aug. 1, 2011) (Ambrose, J.).

While the co-conspirator theory of personal jurisdiction is generally accepted by federal district courts applying Pennsylvania law, I find that there is substantial ground for difference of opinion because it has not been recognized by the Pennsylvania Supreme Court, federal courts

---

[2] The parties agree that this District Court, exercising diversity jurisdiction, should apply the substantive law of Pennsylvania. Pl.'s Mem., ECF No. [119], 3-4; Def.'s Mem., ECF No. [112], 3-5; *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938).

applying Pennsylvania law have not predicted how the Supreme Court of Pennsylvania would rule on the issue, and various circuit courts and district courts disagree on its application.

The Pennsylvania Superior Court recognized the co-conspirator theory of personal jurisdiction in *Temtex Products, Inc. v. Kramer*, 479 A.2d 500, 506 (Pa. Super. Ct. 1984) (stating that where a cause of action arises from a conspiracy, "personal jurisdiction over all of the participants in a concerted action may be maintained where a significant part of the action took place in the forum state"). There is no Pennsylvania Supreme Court case addressing this issue. Therefore, a federal district court considering the co-conspirator theory of personal jurisdiction and applying Pennsylvania law should predict how the Pennsylvania Supreme Court would rule. *See Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38, 45-46 (3d Cir. 2009). "In so doing, a federal court can also give due regard, but not conclusive effect, to the decisional law of lower state courts." *Nationwide Mut. Ins. Co., v. Buffetta*, 230 F.3d 634, 637 (3d Cir. 2000) (citing *Burke v. Maassen*, 904 F.2d 178, 182 (3d Cir. 1990)). "The opinions of intermediate appellate state courts are 'not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Id.* (citing *West v. AT&T Co.*, 311 U.S. 223 (1940)). However, as Mr. Dahdaleh points out, district courts applying the co-conspirator doctrine under Pennsylvania law have not considered how the Pennsylvania Supreme Court would rule and rely conclusively on the Pennsylvania Superior Court's decision in *Temtex*. *See, e.g., Goodson v. Maggi*, 797 F. Supp. 2d 604, 621 (W.D. Pa. 2011) (recognizing the co-conspirator theory of personal jurisdiction under Pennsylvania law and relying on federal case law that similarly does not analyze how the Supreme Court of Pennsylvania would rule on the issue); *CDI Int'l, Inc. v. Marck*, No. 04-4837, 2005 WL 146890, at *3 (Jan. 21, 2005) (looking to federal case law and *Temtex* for co-conspirator doctrine in Pennsylvania); *Koresko v. Bleiweis*,

No. 04-769, 2005 WL 2436693, at *3, n.3 (E.D. Pa. Sept. 27, 2005) (looking to federal case law to apply co-conspirator theory of personal jurisdiction); *Santana Prod., Inc. v. Bobrick Washroom Equip.*, 14 F. Supp. 2d 710, 718 (M.D. Pa. 1998) (discussing and applying the co-conspirator doctrine under Pennsylvania as found in federal case law and in *Temtex*); *Raymark Indus., Inc. v. Baron*, No. 96-7625, 1997 WL 359333, at *3 (E.D. Pa. 1997) (relying on *Mass. Sch. of Law at Andover, Inc. v. Amer. Bar Assoc.*, 846 F. Supp. 374 (E.D. Pa. 1994) for application of the co-conspirator doctrine in Pennsylvania); *Mass. Sch. of Law at Andover, Inc.*, 846 F. Supp. at 379-80 (applying Pennsylvania law and co-conspirator theory of jurisdiction based on federal jurisprudence applying Pennsylvania law); *Ethanol Partners Accredited v. Wiener, Zuckerbrot, Weiss & Brecher*, 635 F. Supp. 15, 18 (E.D. Pa. 1985) (recognizing the co-conspirator doctrine and citing to *Arpet, Ltd. V. Homans*, 390 F. Supp. 908, 911 (W.D. Pa. 1975), which looks to other circuits to validate application of the co-conspirator doctrine in a federal securities case); *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 398, 411 (E.D. Pa. 1981) (looking to other jurisdictions in applying a conspiracy theory of personal jurisdiction over a non-resident). Moreover, the Third Circuit has not addressed whether the conspiracy theory of jurisdiction comports with due process. *See Roy v. Brahmbhatt*, No. 07-5082, 2008 WL 5054096, at *6 (D.N.J. Nov. 26, 2008) (examining conspiracy theory of personal jurisdiction among various courts).

Additionally, "[a] party *may* establish that substantial grounds for difference of opinion exist by demonstrating that *different courts* have issued conflicting and contradictory opinions when interpreting a particular question of law." *Miron v. Seidman*, No. 04-968, 2006 WL 3742772, at *3 (E.D. Pa. Dec. 13, 2006) (emphasis in original). District courts within the Third Circuit, as well as many state courts, disagree about the conspiracy theory basis for personal

jurisdiction. *See Brahmbhatt*, 2008 WL 5054096, at *6-8 (discussing permissibility of the co-conspirator theory in various courts). As Defendant points out, the Third Circuit upheld rejection of the co-conspirator theory of personal jurisdiction by a district court in New Jersey, a forum that has a long-arm statute similar to Pennsylvania's (authorizing personal jurisdiction to the full extent provided by the Due Process Clause). *LaSala v. Marfin Popular Bank Pub. Co.*, 410 Fed. Appx. 474, 478 (3d Cir. 2011), *aff'g*, 2010 WL 715482 (D.N.J. Mar. 1, 2010); *see also Synergy, Inc. v. Manama Textile Mills*, No. 06-4129, 2008 WL 6839038 at *13, n.6 (D.N.J. Feb. 19, 2008) ("Pennsylvania law is 'identical' to New Jersey's long-arm statute). In so doing, the Third Circuit predicted that New Jersey's Supreme Court would decline to adopt the conspiracy theory of personal jurisdiction. *LaSala*, 410 Fed. Appx. at 478. Accordingly, I find a substantial ground for difference of opinion exists and the second statutory factor for an interlocutory appeal has been met.

Lastly, when evaluating whether an interlocutory appeal would materially advance the ultimate termination of the litigation, the Court must consider several factors: "(1) whether the need for trial would be eliminated; (2) whether the trial would be simplified by the elimination of complex issues; and (3) whether discovery could be conducted more expeditiously and at less expense to the parties." *Hall*, 2010 WL 4925258, at *2. Here, it is clear that an interlocutory appeal could materially advance the ultimate termination of the litigation. Because Mr. Dahdaleh is the sole defendant remaining, a successful appeal could potentially terminate the case. *See* Order, ECF No. [129] (granting Stipulation of Dismissal as to Alcoa and Mr. Rice). This Court is aware that certification for interlocutory appeal could further delay, rather than expedite, the ultimate disposition of this case. However, discovery in this matter promises to be lengthy and complex. Def.'s Mem., ECF No. [112], 3; *see also* Minute Entry, ECF No. [105].

Given the need by both parties to request discovery from foreign individuals, a successful appeal could diminish the discovery expense in this case. *Id.* Therefore, I find that the third criterion favors certification of an interlocutory appeal.

III.   Conclusion

Based on the foregoing, Plaintiff's motion to certify the Opinion and Order for interlocutory appeal is GRANTED. The proceedings are *not* stayed pending Defendant's application for appeal. The parties should proceed with discovery in accordance with my ruling on Defendant's motion to stay discovery.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALUMINIUM BAHRAIN B.S.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civ. No. 8-299 |
| VICTOR DAHDALEH | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior U.S. District Judge

## ORDER

AND NOW, this 25th day of October, 2012, having carefully considered Defendant Victor Dahdaleh's Motion for Certification of Interlocutory Appeal pursuant to 28 U.S.C. 1292(b), the motion is GRANTED. The Court's Opinion and Order, dated June 11, 2012, is certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) because the Court is of the opinion that the issue of whether Pennsylvania's long-arm statue permits courts to exercise personal jurisdiction over non-residents based on the "absent co-conspirator" doctrine is a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court