# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALUMINIUM BAHRAIN B.S.C., <br> Plaintiff, <br> v. <br> ALCOA, INC., ALCOA WORLD <br> ALUMINA LLC, WILLIAM RICE and <br> VICTOR DAHDALEH, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )Case No. 2:08-cv-299-DWA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT VICTOR DAHDALEH'S REPLY IN SUPPORT OF MOTION FOR CONTINUANCE/EXTENSION OF THE DISCOVERY STAY SET BY THE COURT'S OCTOBER 25, 2012 OPINION AND ORDER (Doc. 133)**

# FILED UNDER SEAL

David J. Berardinelli (Pa. ID No. 79204)
DEFOREST KOSCELNICK YOKITIS
SKINNER & BERARDINELLI
436 Seventh Avenue
Pittsburgh, PA 15219
Tel. (412) 227-3100
Fax. (412) 227-3130

and

Michael S. Feldberg
David C. Esseks
Carrie Baker Anderson
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendant Victor Dahdaleh*

Dated: June 10, 2013

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

----------------------------------------x
ALUMINIUM BAHRAIN B.S.C.,

              Plaintiff,

  -against-

VICTOR DAHDALEH,

              Defendant.
----------------------------------------x

**FILED UNDER SEAL**

2:08-CV-299-DWA

### DEFENDANT VICTOR DAHDALEH'S REPLY IN SUPPORT OF MOTION FOR CONTINUANCE/EXTENSION OF THE DISCOVERY STAY SET BY THE COURT'S OCTOBER 25, 2012 OPINION AND ORDER (Doc. 133)

Alba's Opposition ("Opp.") is long on hyperbole and unsupported innuendo but woefully short of any substance or factual basis that would merit the Court not extending the current stay. Alba's Opposition fails in three critical, and we submit dispositive, ways.

***First***, Alba fails to articulate any factual basis that could support a finding that Alba is prejudiced in any manner by a brief extension of the stay until Mr. Dahdaleh's criminal trial in the U.K. is complete. Alba does not claim – let alone support a claim with proper factual evidence – that any evidence will be lost, witnesses rendered unavailable or assets dissipated if we wait a few months before re-starting this case. This deficiency is particularly telling when compared to the unrebutted, sworn Declaration of Mr. Dahdaleh's U.K. counsel (Neil O'May) which indicates that, if the stay is not continued, Mr. Dahdaleh's defense in the U.K. will be prejudiced since he will be forced "to disclose evidence that he is properly not required to produce to the SFO under established English criminal procedure." Doc. 136-1, ¶¶7-10.[1]

---

[1] The arguments made by Alba on page 3 of its Opposition as to why Mr. Dahdaleh's defense in the U.K. will not be prejudiced if the stay is lifted are the same arguments that Alba made to the Court back in July 2012. *Compare* Opp. at 3 with Doc. 120 at 6. The Court rejected those arguments in its October 25, 2012 Order and it should do so again. *See* Doc. 133 at 2-3, n. 2 (rejecting Alba's argument that any prejudice to Mr. Dahdaleh could be alleviated by a protective order).

**REDACTED**

**REDACTED**

---

[2] **REDACTED**

Any such allegations have yet to be litigated in the U.K.  *See* Doc. 136-1, ¶6 ("The [U.K.] Court has not made any findings on matters concerning the events referred to above in the weeks immediately preceding the original trial date because they are properly issues that should only be resolved by a jury hearing the relevant evidence at the trial."). History is replete with examples where an individual has been alleged to have done something improper and, ultimately, those allegations turn out to be completely unfounded – the recent case where Kevin Curtis was falsely accused of sending ricin-laced letters and Richard Jewell being falsely accused of the 1996 Atlanta Olympics bombing are just two high profile examples of this. Such unproven allegations should not serve as a legitimate basis for defeating Mr. Dahdaleh's well-supported request to continue the stay in this matter.

**REDACTED**

Akin Gump's own meeting notes obviously should control over its advocacy in the Opposition. *See* Pa.R.Prof.Cond. 3.7, Commentary ("The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.").[4]

**REDACTED**

---

[3] **REDACTED** However, given the contempt order issued by the U.K. Court that prohibits publication of any information related to the factual subject matter involved in any pre-trial proceedings in the U.K., Mr. Dahdaleh is constrained from factually responding to Alba's allegations with, *inter alia*, counter-declarations. This Reply is being filed under seal given that it addresses Alba's assertions, which assertions we are advised by U.K. counsel are made in violation of the U.K. Court's order. While Alba may not feel constrained by the U.K. Court's order, Mr. Dahdaleh, a party in that case, has no such luxury.

[4] Mr. Teslik's Declaration raises serious issues under Pennsylvania Rule of Professional Conduct 3.7 (commonly referred to as the advocate-witness rule).

**REDACTED**

Court's rightfully frown on hearsay-based declarations and Mr. Teslik's third-hand account should be given no weight, particularly since Alba could have submitted a declaration or affidavit from its own chairman but elected not to do so. *See Hollander v. Am. Cyanamid Co.,* 172 F.3d 192, 198 (2d Cir. 1999) *abrogated on other grounds by Schnabel v. Abramson,* 232 F.3d 83 (2d Cir. 2000) (striking portions of affidavit that were "not based upon the affiant's person knowledge, contain inadmissible hearsay or make generalized and conclusory statements."); *Bouriez v. Carnegie Mellon Univ.*, 2005 WL 2106582 (W.D. Pa. 2005) (refusing to consider hearsay evidence in opposition to summary judgment).[5]

Lastly and most importantly, **REDACTED** that does not negate the fact that his defense of the criminal charges in the U.K. will be prejudiced by the lifting of the stay here – which is the foundational premise upon which the Court entered the stay in the first place. That foundational premise remains the same today as it did in October 2012.

***Third***, Alba's authority cited on page 4 of the Opposition does not support lifting the stay. Not a single one of the cited cases concerns a defendant that was facing current criminal charges based on the same facts involved in the civil case and with an imminent trial date – which is what we have here.[6] Alba's authority is clearly inapposite.

---

[5] To the extent the Court intends to rely on the disputed issues of fact raised by Mr. Teslik's Declaration, including the hearsay statements, Mr. Dahdaleh respectfully requests a hearing for the purposes of cross-examining Mr. Teslik and Mr. Al Kooheji. At a minimum, before his rights in the U.K. trial are prejudiced by an opening of discovery here, Mr. Dahdaleh should have the ability to test through cross-examination the allegations raised by Alba in opposition to his motion for continuance of the stay.

[6] *Reck v. Berkshire Life Ins. Co.*, 2011 WL 335569, at 2 (W.D. Pa. Jan. 31, 2011) involved a defendant who attempted to stay civil proceedings because of an *unrelated* criminal indictment; *Simon Prop. Grp.,*

4

The Court previously held "because a criminal defendant in the United Kingdom is not required to disclose the documentary evidence upon which he will rely until he presents his case at trial . . . proceeding with civil discovery in advance of Mr. Dahdaleh's U.K. trial could unfairly prejudice his criminal case." Doc. 133 at 2-3. That holding remains valid and nothing in Alba's Opposition dictates otherwise. The Court, likewise, held that a limited stay would not prejudice Alba particularly since "[t]his case already was stayed for approximately three and a half years." Doc. 133 at 2-3. That holding remains valid and nothing in Alba's Opposition dictates otherwise – this is particularly true since Alba has failed to provide the Court with any evidence of actual prejudice that will result from continuing the stay until after the U.K. criminal trial concludes. The Court also held that "a stay until the conclusion of Defendant's criminal trial will streamline discovery and preserve judicial economy because Defendant will be able to candidly participate in the discovery process following his criminal trial." *Id*. at 3. That holding remains valid and nothing in Alba's Opposition dictates otherwise.

Simply, the prejudice to Mr. Dahdaleh from having to proceed with civil discovery before his criminal trial is completed in late 2013, as well as the judicial economy that accompanies a stay of discovery until the U.K. trial is complete, outweigh any purported – but factually unsupported – prejudice to Alba from a continuance of the stay. Issues of comity also weigh strongly in favor of continuing the stay – proceeding with discovery here could result in Mr. Dahdaleh being forced to violate the U.K. Court's contempt order in order to comply with his discovery obligations here. *See* Doc. 136, ¶¶7-8. Mr. Dahdaleh has a firm trial date in the U.K. that is only several months away. Doc. 136-1, ¶2. No basis exists for not continuing the stay until that trial is completed and we respectfully ask the Court to do so.

---

*Inc. v. Palombaro,* 2009 WL 840245 (W.D. Pa. Mar. 30, 2009) and *Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc.,* 175 F.Supp. 2d 573, 577 (2d. Cir. 2001) both involved uncharged defendants.

| | |
|---|---|
| Dated: June 10, 2013 | /s/ David J. Berardinelli |

David J. Berardinelli (Pa. ID No. 79204)
DEFOREST KOSCELNICK YOKITIS
SKINNER & BERARDINELLI
436 Seventh Avenue
Pittsburgh, PA 15219
Tel. (412) 227-3100
Fax. (412) 227-3130

and

Michael S. Feldberg
David C. Esseks
Carrie Baker Anderson
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendant Victor Dahdaleh*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of June, 2013, a true and correct copy of DEFENDANT VICTOR DAHDALEH'S REPLY IN SUPPORT OF MOTION FOR CONTINUANCE/ EXTENSION OF THE DISCOVERY STAY SET BY THE COURT'S OCTOBER 25, 2012 OPINION AND ORDER (Doc. 133) was filed with Clerk of Court using the CM/ECF system.

/s/ David J. Berardinelli, Esq.